Filed 10/5/16  P. v. Realmuto CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PETER R. REALMUTO,<br><br>    Defendant and Appellant. | D069994<br><br><br><br>(Super. Ct. No. SCE338577) |

APPEAL from a judgment of the Superior Court of San Diego County, Daniel B. Goldstein, Margaret A. Power and Daniel G. Lamborn, Judges.  Affirmed.

Michelle Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Peter R. Realmuto pled guilty to driving while having a measureable blood alcohol (Veh. Code, § 23152, subd. (b)) and admitted three prior driving under the influence convictions within 10 years (Veh. Code, §§ 23626, 23550, subd. (a)).  The court suspended imposition of a prison sentence and granted appellant five years' formal

probation on condition he agree to several terms and conditions associated with driving under the influence convictions and serve 149 days in custody. (Pen. Code, § 1170, subd. (h)(5)(A).)

On January 29, 2016, approximately one year after sentencing, appellant waived an evidentiary hearing and admitted to violating probation. The court formally revoked and reinstated probation on condition he serve 210 days' local custody with credit for 169 days served and accept two additional probation conditions, including that appellant not associate with known drug users and offenders.

Appointed appellate counsel filed a brief under *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We sent Realmuto notice that his attorney had filed a *Wende* brief and provided Realmuto with the opportunity to file a supplemental brief. We did not receive a response from him. After an independent review, we discern no reasonably arguable appellate issues and affirm.

STATEMENT OF FACTS AND PROCEDURE[1]

In December 2012, appellant was stopped by CHP officers who observed him driving at about 65 to 70 miles per hour and noted sparks and debris coming from the left front tire area of his vehicle. Upon contacting appellant, they noted several symptoms consistent with alcohol consumption including the smell of an alcoholic beverage, red and watery eyes, the inability to provide intelligible answers to questions and difficulty

---

[1] Because there was no preliminary hearing the facts are derived from the probation report.

staying awake.  The officers also noted damage to the front of appellant's vehicle. Following a nonconsensual blood draw, appellant's blood alcohol content was determined to be .16.

After pleading guilty and being placed on probation, appellant was arrested at his home in January 2016 for violating the following terms and conditions of his probation: possessing a controlled substance; driving while his license was suspended; and failing to submit to drug testing when requested.  Methamphetamine, marijuana and drug paraphernalia were located at appellant's home when probation officers conducted compliance checks.  During those visits, officers noted that appellant's girlfriend, who was in possession of marijuana and who had two active warrants (one for driving under the influence and the other for being under the influence of drugs), was living at the home.

Appellant waived an evidentiary hearing and admitted he was in violation of his probation.  At that hearing, the probation officer recommended probation be reinstated and requested two additional conditions be added to appellant's probationary terms:  obey all laws and not associate with known drug users and offenders.  The court followed these recommendations and imposed additional time in custody.

At a follow-up hearing, appellant requested permission to travel to Missouri to visit his critically ill mother and to continue to have contact with his girlfriend.  The court granted appellant's travel request but denied the request to exempt his girlfriend from the probation condition prohibiting his contact with known drug users and offenders.

## DISCUSSION

Counsel has identified the following issue that "might arguably support the appeal" (*Anders, supra*, 386 U.S. at p. 744):  Whether "the trial court abuse[d] its discretion in denying appellant's request to modify a probation condition prohibiting him from associating with known drug users and offenders[.]"  (Capitalization omitted.)

A review of the record pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, including the issue referred to by appellate counsel, has disclosed no reasonably arguable appellate issues.  Competent counsel has represented Realmuto on this appeal.

## DISPOSITION

The judgment is affirmed.

                                                                    HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


NARES, J.